## CIRCUIT COURT OF THE CITY OF NORFOLK

Mary C. Wise

v.

Jamine Lynn Cowley

May 20, 1986

Case No. (Chancery) C-86-805

By JUDGE CHARLES R. WATERS, II

The basic facts of this case are that on September 10, 1984, the marriage of Jamine Lynn Garrett and Scott Allen Garrett was dissolved by a court of competent jurisdiction in Missouri, at which time custody of their infant son, Brandon Scott Garrett, was awarded to the child's grandparents on the husband's side who resided in Missouri, this award being made primarily because the mother was unable to provide for the child, both financially and emotionally, at the time. The child remained in the custody of the grandparents in Missouri until March 5, 1986, at which time custody was awarded to the mother because of a substantial change in circumstances, the mother now having the means, ability and desire to care for her child. The mother is now a member of the United States Navy.

On May 15, 1986, the child's grandmother on the wife's side petitioned the Juvenile and Domestic Relations District Court of the City of Norfolk for custody of the child. That court ruled that jurisdiction was in Missouri, and the decision was appealed. On May 16, 1986, the parties appeared before this court and testified under oath. It was represented to the court by the grandmother, represented by Richard I. Gulick, Esquire, and by the mother, that they were now in agreement in the sense that both desired that custody be awarded to the grandmo-

ther. The mother will soon be ordered to sea for approximately seven months and believes that after that tour of sea duty has been concluded, she will thereafter have to complete a tour of duty at sea which may last eighteen months.

The question before the court is whether jurisdiction to modify the custody order of the Circuit Court of Cape Girardeau County, Missouri, dated March 5, 1986, lies with the Virginia courts, or whether jurisdiction in Missouri is continuing and exclusive.

At this point in time, Missouri has not declined to exercise jurisdiction, and the home state of the infant child is Missouri within the meaning of the Parental Kidnapping Prevention Act of 1980, 28 U.S.C.A. § 1738A (PKPA) and the Uniform Child Custody Jurisdiction Act, 4A Code of Virginia, 1950, as amended, §§ 20-125 through 20-146, inclusive (UCCJA).

Under familiar rules, the supremacy clause of the United States Constitution requires that the PKPA be accorded priority over the UCCJA where the two conflict; therefore, Virginia Code § 20-126(A)(2) must be subordinated to conflicting provisions of the PKPA in the initial determination of jurisdiction, although it may be utilized in determining the jurisdiction of this court in the event that it is determined that no other court has jurisdiction.

Key to the determination of whether the Missouri court has retained exclusive and continuing jurisdiction is the following section of the PKPA, paraphrased: "The jurisdiction of a court of a State which has made a child custody determination. . . continues as long as such State remains the residence of the child or of any contestant."

By order of March 5, 1986, the Missouri court properly awarded custody of the infant child to its natural mother, Jamine Lynn Cowley, recognizing at the time that the mother resided in a state outside of Missouri. Based upon the sworn testimony given before this court, the natural mother, the infant child, and Mary C. Wise, the grandmother who brought the present proceeding for custody of the child, are all residents of the City of Norfolk, Virginia.

At the present time, at least, Mary C. Wise and Maine Lynn Cowley are the only contestants and neither reside in Missouri; therefore, at least at this point

in time, Missouri has not retained exclusive and continuous jurisdiction.

That being the situation, Virginia Code § 20-126(A)(2) may now become operative in the determination by this court as to whether the Virginia court may or should take jurisdiction. Based upon the sworn testimony previously taken, the court finds that the child, its natural mother and the contestant, Mary C. Wise, all have a significant connection with this state, and that there is available in this state substantial evidence concerning the child's present and future care, protection, training and personal relationships.

This court holds that jurisdiction of this matter lies in Virginia and that the case should be remanded to the Juvenile and Domestic Relations District Court of the City of Norfolk for further proceedings.

This court does not pass on the question of whether jurisdiction must or should be surrendered to the Missouri court in the event that a resident or residents of Missouri later become contestants in this proceeding.